UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:

QOC I LLC,

Case No. 10-
Chapter 11

Debtor.
_____/

**EMERGENCY APPLICATION OF DEBTOR-IN-POSSESSION FOR EMPLOYMENT *NUNC PRO TUNC* OF GERALD H. GLINE AND THE LAW FIRM OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., AS BANKRUPTCY CO-COUNSEL FOR DEBTOR-IN-POSSESSION, AND REQUEST FOR INTERIM RELIEF**

(Emergency Hearing Requested)

**BASIS FOR EMERGENCY RELIEF**

Without bankruptcy co-counsel, the Debtor is technically unable to proceed with this case. Cole Schotz will play an integral role in the first 20 days of this Chapter 11 case in connection with, among other things, the Debtor's efforts to obtain use of cash collateral. Among other things, the Debtor will need Cole Schotz's assistance in stabilizing business operations, negotiating with key creditor constituencies and addressing issues related to the "first day" hearing and related orders.

QOC I LLC, as debtor and debtor-in-possession in the above-styled Chapter 11 proceeding ("QOC" or the "Debtor"), respectfully requests the entry of an interim order, in the form attached hereto as Exhibit A, pursuant to Sections 327 and 330 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code") and Rules 2014, 2016 and 6003 of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Gerald H. Gline ("Gline") and the law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") *nunc pro tunc* to the Petition Date, as hereinafter defined, to represent the Debtor as its bankruptcy co-counsel in this Chapter 11 case. In support of this Application, the Debtor relies on the Affidavit of Gerald H. Gline attached hereto as Exhibit B (the "Gline Affidavit") and the Declaration of Steven M.

48478/0001-7044331v2

Shapiro in Support of Chapter 11 Petition and First Day Motions (the "Shapiro Declaration") which is being filed concurrently herewith. In further support of this Application, the Debtor respectfully represents as follows:

## BACKGROUND

### A. The Chapter 11 Filing

1. On October 1, 2010 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No creditors' committee has yet been appointed in this case. In addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicates for the relief requested herein are Sections 327(a) and 330 of the Bankruptcy Code and Rules 2014, 2016 and 6003 of the Federal Rules of Bankruptcy Procedure.

### B. Background and Business Operations

5. For information on the Debtor's capital structure, business and operations, the Debtor refers to the Shapiro Declaration filed contemporaneously herewith.

## RELIEF REQUESTED

6. By this Application, the Debtor seeks to employ and retain Gerald H. Gline, Esq., David D. Bass, Esq. and the law firm of Cole Schotz as its restructuring and bankruptcy co-

2

48478/0001-7044331v2

counsel with regard to the filing of its Chapter 11 petition and the prosecution of its chapter 11 case. Accordingly, the Debtor respectfully requests the entry of an interim order on an emergency basis pursuant to Section 327(a) of the Bankruptcy Code, followed by the entry of a final order to be entered at a hearing to be held twenty (20) days later, authorizing it to employ and retain Gerald H. Gline, Esq. and the law firm of Cole Schotz as its bankruptcy co-counsel under a general retainer to perform the legal services that will be necessary during its chapter 11 case as more fully described below.

7.   Prior to the commencement of this chapter 11 case, the Debtor sought the services of Cole Schotz principally with respect to advice regarding restructuring matters in general, and the preparation for and potential commencement and prosecution of a Chapter 11 case for the Debtor. The Debtor believes that the continued representation by its pre-petition restructuring counsel, Cole Schotz, is critical to the Debtor's efforts to restructure its business because Cole Schotz has extensive experience and expertise in complex commercial reorganization cases and has become very familiar with the Debtor's business, legal and financial affairs. Accordingly, Cole Schotz is well-suited to guide the Debtor through the Chapter 11 process.

## BASIS FOR RELIEF

8.   Continued representation of the Debtor by its restructuring counsel, Cole Schotz, is critical to the success of the Debtor's reorganization efforts because Cole Schotz is and has become very familiar with the Debtor's business, financial and legal affairs.

9.   The Debtor has selected the firm of Cole Schotz as its attorneys because of Cole Schotz's experience with and knowledge of the Debtor and its business, as well as its extensive experience, knowledge and expertise in the field of debtors and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code.

48478/0001-7044331v2

10.     The Debtor desires to employ the firm of Cole Schotz under a general retainer because of the extensive legal services that will be required in connection with its chapter 11 case and the firm's familiarity with the business of the Debtor.

## SERVICES TO BE RENDERED

11.     The services of Cole Schotz are necessary to enable the Debtor to execute faithfully its duties as debtors-in-possession. Subject to order of this Court, the law firm of Cole Schotz[1] will be required to render, among others, the following services to the Debtor:

(a)     advise the Debtor with respect to its powers and duties as debtors and debtors-in-possession in the continued management and operation of its business and properties;

(b)     attend meetings and negotiate with representatives of creditors and other parties-in-interest and advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in Chapter 11;

(c)     advise the Debtor in connection with any contemplated sales of assets or business combinations, including the negotiation of sales promotion, liquidation, stock purchase, merger or joint venture agreements, formulate and implement bidding procedures, evaluate competing offers, draft appropriate corporate documents with respect to the proposed sales, and counsel the Debtor in connection with the closing of such sales;

(d)     advise the Debtor in connection with post-petition financing and cash collateral arrangements, provide advice and counsel with respect to pre-petition financing arrangements, and provide advice to the Debtor in connection with the emergence financing and capital structure, and negotiate and draft documents relating thereto;

(e)     advise the Debtor on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

---

[1] Cole Schotz will perform these services in conjunction with and not in duplication of services to be provided by its co-counsel Genovese Joblove & Battista, P.A. Cole Schotz and GJB have established a division of work that will avoid duplication of services in this chapter 11 case.

48478/0001-7044331v2

    (f)    provide advice to the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business including attendance at senior management meetings, meetings with the Debtor's financial and turnaround advisors and meetings of the board of directors, and advice on employee, workers' compensation, employee benefits, labor, tax, insurance, securities, corporate, business operation, contracts, joint ventures, real property, press/public affairs and regulatory matters;

    (g)    take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate;

    (h)    prepare on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

    (i)    negotiate and prepare on the Debtor's behalf a plan of reorganization, disclosure statement and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

    (j)    attend meetings with third parties and participate in negotiations with respect to the above matters;

    (k)    appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtor's estate before such courts and the U.S. Trustee; and

    (l)    perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case.

12.    The firm of Cole Schotz is willing to act on behalf of the Debtor as set forth above.

## DISINTERESTEDNESS OF PROFESSIONALS

13.    Except as set forth in the Gline Affidavit, to the best of the Debtor's knowledge, the shareholders, counsel and associates of Cole Schotz: (a) do not have any connection with any of the Debtor, its affiliates, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or its respective attorneys and accountants; (b) are

5

48478/0001-7044331v2

"disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtor's estate.

14. More specifically, as set forth in the Gline Affidavit:

(a) Neither Cole Schotz nor any attorney at the firm holds or represents an interest adverse to the Debtor's estate.

(b) Neither Cole Schotz nor any attorney at Cole Schotz is or was a creditor, an equity holder, or an insider of the Debtor, except that Cole Schotz previously rendered legal services to the Debtor for which it was compensated.

(c) Neither Cole Schotz nor any attorney at Cole Schotz is or was, within two years before the Petition Date, a director, officer or employee of the Debtor.

(d) Cole Schotz does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

## **PROFESSIONAL COMPENSATION**

15. On July 6, 2010, Cole Schotz received an initial retainer in the amount of $50,000. Thereafter, Cole Schotz received additional retainer payments of $75,000 on September 21, 2010, $150,000 on September 17, 2010, and a final retainer payment of $65,000 on September 29, 2010. In connection with the pre-petition legal services provided by Cole Schotz, Cole Schotz billed the Debtor the following amounts on the following dates for fees and expenses through September 30, 2010: $33,573.50 on August 20, 2010, $80,717 on September 28, 2010 and $21,823.50 on October 1, 2010, (collectively, the "Pre-petition Invoices"). Cole Schotz also drew down an additional $10,000 on October 1, 2010 prior to the chapter 11 filing as an estimate of additional pre-petition fees and expenses. Each Pre-Petition Invoice was paid on the date rendered from the retainers previously received. As a result, Cole Schotz had a net Retainer for the chapter 11 case in the amount of $193,893.72 (the "Chapter 11 Retainer"). The

48478/0001-7044331v2

retainers in this matter were funded by Q Opportunity Company, LLC ("Q Opportunity"), the sole member of the Debtor. Notwithstanding the payment of the retainers by Q Opportunity, Cole Schotz does not and will not represent Q Opportunity in this or any other matter. Q Opportunity has also not guaranteed or otherwise committed to pay any fees or expenses incurred or to be incurred by Cole Schotz in connection with this case.

16. All such fees and expenses were incurred (i) in contemplation of the filing of this chapter 11 case, and (iii) in respect of the preparation of this chapter 11 case as noted above. In connection with the preparation of this chapter 11 case, Cole Schotz was required to estimate the amount of fees and expenses incurred during the last day prior to the Petition Date. Cole Schotz paid such estimated amounts from the Retainer prior to the filing of this chapter 11 case. If and to the extent the actual fees and expenses incurred during such time period are less than the estimated amounts paid, then Cole Schotz shall transfer such difference to the Chapter 11 Retainer. If and to the extent that the actual fees and expenses incurred during such time period exceed the estimated amounts paid, then Cole Schotz hereby waives such excess fees and expenses.

17. Cole Schotz intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court. Cole Schotz will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services.

18. Consistent with the firm's policy with respect to its other clients, Cole Schotz will continue to charge the Debtor for all other services provided and for other charges and

7

48478/0001-7044331v2

disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

19. Cole Schotz has agreed to accept as compensation such sums as may be allowed by the Court on the basis, among others, of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this case.

20. Other than as set forth herein and in the Gline Affidavit, no arrangement is proposed between the Debtor and Cole Schotz for compensation to be paid in this case, and no agreement or understanding exists between Cole Schotz and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

21. No previous requests for the relief sought in this Application has been made to this Court or any other Court.

## REQUEST FOR INTERIM RELIEF

22. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

23. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection,

8

48478/0001-7044331v2

> the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

24. Pursuant to the recently revised Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 20 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm. Bankruptcy Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 20 days of a chapter 11 case. See, e.g., First NLC Fin. Servs, LLC, No. 08-10632 (Bankr. S.D. Fla. Jan. 28, 2008); In re TOUSA, Inc., et al., No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008)(approving interim retentions of financial advisor and legal counsel on interim basis within first 20 days of chapter 11 case).

25. First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule 6003. Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as obtaining credit and seeking use of cash collateral. That process is well established: if the court is so disposed, the partial relief is granted for the interim before the final hearing can be conducted. Later, after further opportunity for other parties in interest to consider the application and to object, the court, if so disposed will grant the balance of the relief requested.

26. Second, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately

Following the Commencement of the Case...." Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

27. Interim relief is clearly justified and appropriate in the context of this Application.

28. It is well recognized in this district and others that a corporation must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear pro se. See, e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally . . . they must be represented by licensed counsel."); see also In re K.M.A., Inc., 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."); Jones v. Niagara Frontier Transp. Authority, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se.").

29. Without bankruptcy co-counsel, the Debtor is technically unable to proceed with this case. Cole Schotz will play an integral role in the first 20 days of this chapter 11 case in connection with, among other things, the Debtor's efforts to obtain use of Wells Fargo's cash collateral. Among other things, the Debtor will need Cole Schotz's assistance in stabilizing business operations, negotiating with key creditor constituencies, addressing issues related to the "first day" hearing and related orders, constructing a business plan and plan of reorganization and defining the Debtor's path post-restructuring.

30. Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order authorizing the Debtor to retain and employ Cole Schotz on an interim basis and to compensate Cole Schotz for any

48478/0001-7044331v2

services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in this case. This interim form of relief ensures the availability of Cole Schotz's full resources to the Debtor during a critical period in this case, while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis. The interim order will preserve any objections of all creditors and parties in interest to the final hearing on this application and further provides that any such objections will be considered de novo. Accordingly, no party is prejudiced by the limited relief sought by this application and the objective of the drafters of Rule 6003 is not frustrated.

WHEREFORE, the Debtor respectfully requests that the Court enter an interim order: (i) authorizing the Debtor's retention of Gerald H. Gline, Esq. and the law firm of Cole Schotz on an interim basis upon the terms outlined in this Application nunc pro tunc to the Petition Date; (ii) setting a final hearing on this Application at least twenty (20) days from the date of the interim order; and (iii) granting such other and further relief as is just and proper.

Dated: October 1, 2010

        Respectfully Submitted,

**QOC I LLC**

By: Q Opportunity Company LLC, its sole member

By: Q Capital Strategies, LLC, its Managing Member

By: _____

Name:    Steven M. Shapiro
Title:     President